IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Samuel Davis, ) | |
| ) | Civil Action No. 8:06-2312-CMC-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Eli Lily and Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, a state prisoner proceeding pro se, has brought this pharmaceutical products liability case against defendant Eli Lilly and Company ("Eli Lily") alleging that a drug widely used to treat schizophrenia has caused him numerous injuries. This matter is before the court on the defendant Eli Lily's motions for summary judgment (Docket Entry #40) and to compel (Docket Entry # 47).

Pursuant to the provisions to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in pro se cases and submit findings and recommendations to the District Court.

On June 12, 2006, the plaintiff filed this action in state court.[1] The defendant Eli Lily removed the action to this court on August 17, 2006. On August 27, 2007, the defendant

---

[1] This is the date the complaint was stamped as received by the Richland County Clerk of Court. (See Compl. at 7.) The complaint also is stamped July 20, 2006, as having been received by the Lee Correctional Institution Mail Room. (Compl. at 1.) However, it appears this complaint must have been a copy which was served upon the defendant and not the original complaint filed with the Richland County Clerk of Court. (See also Removal Pet. at 1.)

Eli Lily filed a motion for summary judgment. On November 20, 2007, the plaintiff filed a response opposing the defendant's motion.

## FACTS PRESENTED

The plaintiff is a state inmate currently incarcerated at the Perry Correctional Institution. Throughout his life, the plaintiff has experienced mental illness and beginning in February 1999, while he was incarcerated, the plaintiff was prescribed Zyprexa for approximately two years.[2] The plaintiff alleges the Zyprexa adversely affected him causing "something wrong with my nervous system." (Defs' Mem. Supp. Summ. J. Mot. Ex. 2 - Davis Dep. at 130.) Specifically, he alleges he suffers from

> agitation, difficulty speaking or swallowing, restlessness, stiffness, trembling, blurred vision, headaches, lip smacking or puckering, mood or mental changes, anxiety, loss of memory, nervousness, neck, back muscles jerking involuntary, also lips, face and arms, confusion, sluggishness, skin rash, constipation, sour sweet gag, itching skin, loss of appetite, nausea, pain in stomach, sour stomach, dizziness, dryness of mouth, headache, blemishes on skin, burning, crawling, itchiness, numbness, prickling feelings, joint pain, trouble sleeping.

(Compl. 3-4.) Further, he alleges he has suffered "nervous damage" requiring braces on both of his arms because he has no control over them. (*Id.*) The plaintiff alleges claims of gross negligence and "intentional tort" and he is seeking $150,000 in damages. (Compl. at 3-6.)

## APPLICABLE LAW

---

[2]Zyprexa is used to treat bipolar disorder and schizophrenia. Physician's Desk Reference, at 1831 (61st ed. 2007).

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific,

material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

### *Statute of Limitations*

The defendant Eli Lilly contends it is entitled to summary judgment because the plaintiff's claims are barred by the statute of limitations.[3] The plaintiff began taking Zyprexa in February 1999, and he filed this action on June 12, 2006. The plaintiff alleges he took Zyprexa for two years and stopped taking it in June 2001. (Defs' Mem. Supp. Summ. J. Mot. Ex. 2 - Davis Dep. at 127.) Along with numerous other side effects, (see infra p. 2.), the plaintiff alleges that Zyprexa caused "something wrong with my nervous system." (*Id.* at 130.) The plaintiff alleges claims of gross negligence and "intentional tort," which the

---

[3] Further, Eli Lily argues that there is no scientific evidence that Zyprexa causes or contributes to latent problems that manifest months or years after taking the medicine. Additionally, the court notes that, while Zyprexa has been shown to cause diabetes, it has not been shown to cause most of the side effects which the plaintiff has alleged he has experienced. (*See* Docket # 33 - Notice from MDL Panel.) "Some 30,000 cases have been brought against Eli Lilly & Company ("Lilly") by plaintiffs suffering from serious psychiatric problems who were treated with the Lilly antipsychotic drug Zyprexa. They allege that Zyprexa caused deleterious side effects of excessive weight gain, hyperglycemia, and diabetes . . ." *In re Zyprexa Products Liability Litigation*, 489 F.Supp.2d 230 (E.D.N.Y. 2007).

4

court is construing the latter to mean a claim of intentional infliction of emotional distress. (Compl. at 3, 4.)

State law claims pursued in federal court are subject both to the state's relevant statute of limitations and to the state's corresponding rules regarding commencement of an action. *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980). In South Carolina, an action for a personal injury action must be commenced within three years of the date the cause of action accrues. S.C. Code Ann. § 15-35-30. A cause of action generally accrues at the time of the injury which forms the basis of the lawsuit. *Holy Loch Distr., Inc. v. Hitchcock*, 503 S.E.2d 787 (S.C. Ct. App. 1998).

The three-year statute of limitations applicable to negligence actions focuses on the date of discovery of the injury and therefore begins to run on the date the plaintiff knew or by the exercise of reasonable diligence should have known he had a claim. S.C. Code Ann. § 15-3-530; *Wiggins v. Edwards*, 442 S.E.2d 169, 170 (S.C. 1994). South Carolina courts require an injured party to "act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist." *Snell v. Columbia Gun Exchange, Inc.*, 278 S.E.2d 333, 334 (S.C. 1981).

The limitations period, however, may be extended by the discovery rule. *Santee Portland Cement Co. v. Daniel Int'l Corp.*, 384 S.E.2d 693 (S.C. 1989). Under the discovery rule, the statutory limitations period begins to run from the date when the injury

resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence. S.C. Code Ann. § 15-35-30; *Cline v. J.E. Faulkner Homes, Inc.*, 597 S.E.2d 27, 29 (S.C. Ct. App. 2004).

> The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed.

*Mitchell v. Holler*, 429 S.E.2d 793, 795 (S.C. 1993). Further, the statute of limitations is triggered not merely by knowledge of an injury but by knowledge of facts, diligently acquired, sufficient to put an injured person on notice of the existence of a cause of action against another. *True v. Monteith*, 489 S.E.2d 615, 617 (S.C. 1997).

In his deposition, the plaintiff stated that he believed he was injured by the Zyprexa within a month or two of beginning to take it and his first prescription for Zyprexa was written on February 17, 1999. (Def.'s Mem. Supp. Summ. J. Mot. Ex. 2 - Pl.'s Dep. at 113-116; 124–125.) Thus, by his own admission, the plaintiff "knew who, when, how, and by what he had been injured soon after receiving treatment and the Zyprexa prescription." *Sutherland v. Estate of Ritter*, 959 So.2d 1004, 1009 (Miss. 2007). Clearly, in early 1999, the plaintiff had knowledge of facts which put him on notice of a potential cause of action against Eli Lily. Therefore, the plaintiff had three years from that time within which to file this action. This action was not filed until June 12, 2006, more than seven years later and more than four years after the statute of limitations had run. Giving the plaintiff the benefit

of the doubt, the latest date which the plaintiff could be said to have discovered this claim was in June 2001 when he stated in his deposition that a psychiatrist told him Zyprexa was not good for him and took him off the drug. (*Id.* at 128.) However, even using this date, this action would still be barred by the statute of limitations as the plaintiff did not file this action within three years, or before June 2004. Accordingly, this action is barred by the statute of limitations.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the Defendant's Motion for Summary Judgment (Docket Entry #40) be GRANTED and the Plaintiff's Complaint DISMISSED WITH PREJUDICE.

FURTHER, IT IS RECOMMENDED that the Defendant's Motion to Compel (Docket Entry # 47) be DENIED as moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

December 13, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).